UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bruce Allen Buckner,<br><br>PETITIONER<br><br>v.<br><br>Warden, MacDougall Correctional Institution<br><br>RESPONDENT | Case No. 1:21-cv-03714-TLW<br><br><br>**Order** |

Petitioner Bruce Allen Buckner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 6. In the Report, the magistrate judge recommends that the District Court dismiss the petition without prejudice without requiring respondent to file an answer. *Id*. at 6. The magistrate judge notes in the Report that the South Carolina Supreme Court dismissed his appeal on October 7, 2021, ECF No. 1 at 5. She states that Petitioner "neglected to complete the [§ 2241] form petition and provides no allegations related to the exhaustion of post-conviction remedies." ECF No. 6 at 2. The Report further states "Petitioner fails to allege he has exhausted his state law remedies, including filing an application for post-conviction relief ("PCR"), with respect to each of his habeas claims." *Id*. at 5. The magistrate judge also states, "as a practical matter, Petitioner could not have completed his post-conviction remedies in the brief time since his direct appeal was dismissed." *Id*. at 6. Petitioner's objections to the Report were due

by November 29, 2021. Petitioner failed to file objections. This matter is now ripe for review.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In the absence of objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

In light of this standard, the Court has carefully reviewed the Report and concludes that it accurately summarizes the case and the applicable law.  In summary, Petitioner does not assert he has exhausted his state law remedies, including filing an application for post-conviction relief ("PCR"), with respect to each of his claims, as required before filing a federal habeas petition. Accordingly, it is hereby **ORDERED** that the Report and Recommendation is **ACCEPTED**. ECF No. 6. For the specific reasons articulated by the magistrate judge, without objection, this petition is **DISMISSED** without prejudice. Petitioner's outstanding motions, ECF Nos. 13, 14, 19, 22, and 23 are dismissed as moot.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

June 14, 2022
Columbia, South Carolina